IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Greenbelt Division)

| | | |
|---|---|---|
| ABDUL K. TAWWAAB | ) | |
| | ) | |
| and | ) | |
| | ) | |
| KENNETH E. CARTER | ) | |
| | ) | |
| Plaintiffs, | ) | Civil 8:09-cv-00553-AW |
| | ) | |
| v. | ) | |
| | ) | |
| VIRGINIA LINEN SERVICE, INC. | ) | |
| | ) | |
| and | ) | |
| | ) | |
| LEE GWALTNEY | ) | |
| | ) | |
| and | ) | |
| | ) | |
| CHARLES MILLER | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## DEFENDANTS' ANSWERS AFFIRMATIVE DEFENSES TO PLAINTIFFS' SECOND AMENDED COMPLAINT

Defendants, Virginia Linen Service, Lee Gwaltney and Charles Miller, by their undersigned counsel, hereby submit their Answers and Affirmative Defenses in response to the Second Amended Complaint ("Complaint") filed by Plaintiffs Kenneth Carter and Abdul K. Tawwaab in the above-referenced case, and in support thereof say as follows:

1.  Defendants deny the allegations in paragraph 1.

2.      Defendants deny the allegations in paragraph 2.

## Parties

3.      Defendants admit that Tawwaab was employed by Defendant Virginia Linen Service (VLS) in Landover, are without knowledge or information sufficient to form a belief as to his address or race, and deny the remaining allegations in paragraph 3 of the Complaint.

4.      Defendants admit that Carter was employed by Defendant VLS in Landover, are without knowledge or information sufficient to form a belief as to his address or race, and deny the remaining allegations in paragraph 4 of the Complaint.

5.      Defendants admit that VLS has the facility in Landover, but deny the remaining allegations in paragraph 3 of the Complaint.

6.      Defendants admit that Gwaltney is a Caucasian male and a Regional Vice-President, and that he had responsibilities at the Landover facility, but deny the remaining allegations in paragraph 6.

7.      Defendants admit that Miller is a Caucasian male and a General Manager, and that he had responsibilities at the Landover facility, but deny the remaining allegations in paragraph 7.

## Jurisdiction and Venue

8.      Defendants admit to jurisdiction.

9.      Defendants admit to venue.

## Facts

10.     Defendants deny the allegations in paragraph 10.

11.     Defendants deny the allegations in paragraph 11.

12.     Defendants deny the allegations in paragraph 12.

13.    Defendants deny the allegations in paragraph 13.

14.    Defendants deny the allegations in paragraph 14.

15.    Defendants deny the allegations in paragraph 15.

16.    Defendants deny the allegations in paragraph 16.

Plaintiff Abdul Tawwaab

17.    Defendants deny the allegations in paragraph 17.

18.    Defendants deny that Tawwaab was hired in October 2005, and admit that he worked for VLS as a Route Salesperson with a wide variety of duties relating to the servicing of VLS's customers.

19.    Defendants admit that Tawwaab serviced Wakefield Country Club, but are without information or belief as to the communications Tawwaab had with the customer about payment.

20.    Defendants deny the allegations in paragraph 20.

21.    Defendants deny the allegations in paragraph 21.

22.    Defendants deny the allegations in paragraph 22.

23.    Defendants deny the allegations in paragraph 23.

24.    Defendants deny the allegations in paragraph 24.

25.    Defendants deny the allegations in paragraph 25.

26.    Defendants deny the allegations in paragraph 26.

27.    Defendants deny the allegations in paragraph 27.

28.    Defendants deny the allegations in paragraph 28.

29.    Defendants deny the allegations in paragraph 29.

30.    Defendants admit that a Charge was filed, that reasonable cause was found after the EEOC failed to investigate or to obtain VLS' response, and that a Right-To-Sue-Letter was issued.

Plaintiff Kenneth Carter

31.    Defendants admit that Carter was hired in or around 2001, and that he received several promotions and promotional opportunities.

32.    Defendants deny the allegations in paragraph 32.

33.    Defendants deny the allegations in paragraph 33.

34.    Defendants deny the allegations in paragraph 34.

35.    Defendants deny the allegations in paragraph 35.

36.    Defendants deny the allegations in paragraph 36.

37.    Defendants deny the allegations in paragraph 37.

38.    Defendants deny the allegations in paragraph 38.

39.    Defendants deny the allegations in paragraph 39.

40.    Defendants deny the allegations in paragraph 40.

41.    Defendants deny the allegations in paragraph 41.

42.    Defendants deny the allegations in paragraph 42.

43.    Defendants deny the allegations in paragraph 43.

44.    Defendants deny the allegations in paragraph 44.

45.    Defendants deny the allegations in paragraph 45.

46.    Defendants deny the allegations in paragraph 46.

47.    Defendants deny the allegations in paragraph 47.

48.     Defendants deny the allegations in paragraph 48.

49.     Defendants deny the allegations in paragraph 49.

50.     Defendants deny the allegations in paragraph 50.

51.     Defendants deny the allegations in paragraph 51.

52.     Defendants deny the allegations in paragraph 52.

53.     Defendants deny the allegations in paragraph 53.

54.     Defendants deny the allegations in paragraph 54.

55.     Defendants deny the allegations in paragraph 55.

56.     Defendants deny the allegations in paragraph 56.

57.     Defendants deny the allegations in paragraph 57.

58.     Defendants deny the allegations in paragraph 58.

59.     Defendants deny the allegations in paragraph 59.

60.     Defendants deny the allegations in paragraph 60.

61.     Defendants deny the allegations in paragraph 61.

62.     Defendants deny the allegations in paragraph 62.

63.     Defendants deny the allegations in paragraph 63.

64.     Defendants deny the allegations in paragraph 64.

65.     Defendants deny the allegations in paragraph 65.

66.     Defendants deny the allegations in paragraph 66.

67.     Defendants deny the allegations in paragraph 67.

68.     Defendants deny the allegations in paragraph 68.

69.     Defendants deny the allegations in paragraph 69.

70.     Defendants admit that Carter resigned, but deny the remaining allegations in

paragraph 70.

## TAWWAAB COUNT I (VLS)
## VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964
## DISCRIMINATION, DISCHARGE BASED ON RACE

71.     Defendants repeat and incorporate by reference their responses to the allegations

set forth in paragraph 1 through 70 above.

72.     Defendants deny the allegations in paragraph 72.

73.     Defendants admit that Tawwaab qualifies as an employee.

74.     Defendants admit that VLS qualifies as an employer.

75.     Defendants admit the allegations in paragraph 75.

## TAWWAAB COUNT II (VLS)
## VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964
## RETALIATION

76.     Defendants repeat and incorporate by reference their responses to the allegations

set forth in paragraph 1 through 75 above.

77.     Defendants deny the allegations in paragraph 77.

## TAWWAAB COUNT III (ALL DEFENDANTS)
## VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1866, AS AMENDED BY
## THE CIVIL RIGHTS ACT OF 1991, 42 U.S.C. 1981
## DISCRIMINATORY DISCHARGE BASED ON RACE

78.     Defendants repeat and incorporate by reference their responses to the allegations

set forth in paragraph 1 through 77 above.

79.     Defendants deny the allegations in paragraph 79.

80.     Defendants deny the allegations in paragraph 80.

## TAWWAAB COUNT IV (ALL DEFENDANTS)
## VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1866, AS AMENDED BY
## THE CIVIL RIGHTS ACT OF 1991, 42 U.S.C. 1981
## RETALIATION

81.    Defendants repeat and incorporate by reference their responses to the allegations

set forth in paragraph 1 through 80 above.

82.    Defendants deny the allegations in paragraph 82.

## CARTER COUNT V (ALL DEFENDANTS)
## VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1866, AS AMENDED BY
## THE CIVIL RIGHTS ACT OF 1991, 42 U.S.C. 1981
## RACE DISCRIMINATION

83.    Defendants repeat and incorporate by reference their responses to the allegations

set forth in paragraph 1 through 82 above.

84.    Defendants deny the allegations in paragraph 84.

85.    Defendants deny the allegations in paragraph 85.

## CARTER COUNT VI (ALL DEFENDANTS)
## VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1866, AS AMENDED BY
## THE CIVIL RIGHTS ACT OF 1991, 42 U.S.C. 1981
## HOSTILE ENVIRONMENT BASED ON RACE

86.    Defendants repeat and incorporate by reference their responses to the allegations

set forth in paragraph 1 through 85 above.

87.    Defendants deny the allegations in paragraph 87.

88.    Defendants deny the allegations in paragraph 88.

## CARTER COUNT VII (ALL DEFENDANTS)
## VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1866, AS AMENDED BY
## THE CIVIL RIGHTS ACT OF 1991, 42 U.S.C. 1981
## DISCRIMINATORY DENIAL OF PROMOTION BASED ON RACE

89.    Defendants repeat and incorporate by reference their responses to the allegations

set forth in paragraph 1 through 88 above.

90. Defendants deny the allegations in paragraph 90.

91. Defendants deny the allegations in paragraph 91.

**CARTER COUNT VIII (ALL DEFENDANTS)**
**VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1866, AS AMENDED BY**
**THE CIVIL RIGHTS ACT OF 1991, 42 U.S.C. 1981**
**DISCRIMINATORY DENIAL OF TRANSFER BASED ON RACE**

92. Defendants repeat and incorporate by reference their responses to the allegations

set forth in paragraph 1 through 91 above.

93. Defendants deny the allegations in paragraph 93.

94. Defendants deny the allegations in paragraph 94.

**CARTER COUNT IX (ALL DEFENDANTS)**
**VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1866, AS AMENDED BY**
**THE CIVIL RIGHTS ACT OF 1991, 42 U.S.C. 1981**
**DISCRIMINATORY CONSTRUCTIVE DISCHARGE BASED ON RACE**

95. Defendants repeat and incorporate by reference their responses to the allegations

set forth in paragraph 1 through 94 above.

96. Defendants deny the allegations in paragraph 96.

97. Defendants deny the allegations in paragraph 97.

98. Defendants deny the allegations in paragraph 98.

**CARTER COUNT X (ALL DEFENDANTS)**
**VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1866, AS AMENDED BY**
**THE CIVIL RIGHTS ACT OF 1991, 42 U.S.C. 1981**
**RETALIATION FOR COMPLAINING ABOUT DISCRIMINATION**

99. Defendants repeat and incorporate by reference their responses to the allegations

set forth in paragraph 1 through 98 above.

100.  Defendants deny the allegations in paragraph 100.

101.  Defendants deny the allegations in paragraph 101.

**CARTER COUNT XI (ALL DEFENDANTS)**
**VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1866, AS AMENDED BY**
**THE CIVIL RIGHTS ACT OF 1991, 42 U.S.C. 1981**
**RETALIATORY HOSTILE WORK ENVIRONMENT**

102.  Defendants repeat and incorporate by reference their responses to the allegations

set forth in paragraph 1 through 101 above.

103.  Defendants deny the allegations in paragraph 103.

104.  Defendants deny the allegations in paragraph 104.

**CARTER COUNT XII (ALL DEFENDANTS)**
**VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1866, AS AMENDED BY**
**THE CIVIL RIGHTS ACT OF 1991, 42 U.S.C. 1981**
**RETALIATORY REFUSAL TO TRANSFER**

105.  Defendants repeat and incorporate by reference their responses to the allegations

set forth in paragraph 1 through 104 above.

106.  Defendants deny the allegations in paragraph 106.

107.  Defendants deny the allegations in paragraph 107.

**CARTER COUNT XIII (ALL DEFENDANTS)**
**VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1866, AS AMENDED BY**
**THE CIVIL RIGHTS ACT OF 1991, 42 U.S.C. 1981**
**RETALIATORY REFUSAL TO PROMOTE**

108.  Defendants repeat and incorporate by reference their responses to the allegations

set forth in paragraph 1 through 107 above.

109.  Defendants deny the allegations in paragraph 109.

110.  Defendants deny the allegations in paragraph 110.

## CARTER COUNT XIV (ALL DEFENDANTS)
## VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1866, AS AMENDED BY THE CIVIL RIGHTS ACT OF 1991, 42 U.S.C. 1981
## RETALIATORY DENIAL OF RAISE

111.    Defendants repeat and incorporate by reference their responses to the allegations

set forth in paragraph 1 through 110 above.

112.    Defendants deny the allegations in paragraph 112.

113.    Defendants deny the allegations in paragraph 113.

## CARTER COUNT XV (ALL DEFENDANTS)
## VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1866, AS AMENDED BY THE CIVIL RIGHTS ACT OF 1991, 42 U.S.C. 1981
## RETALIATORY CONSTRUCTIVE DISCHARGE

114.    Defendants repeat and incorporate by reference their responses to the allegations

set forth in paragraph 1 through 113 above.

115.    Defendants deny the allegations in paragraph 115.

116.    Defendants deny the allegations in paragraph 116.

117.    Defendants deny the allegations in paragraph 117.

## CARTER COUNT XVI (ALL DEFENDANTS)
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

118.    Defendants repeat and incorporate by reference their responses to the allegations

set forth in paragraph 1 through 117 above.

119.    Defendants deny the allegations in paragraph 119.

120.    Defendants deny the allegations in paragraph 120.

121.    Defendants deny the allegations in paragraph 121.

**Relief Sought**

122.    Defendants deny that Plaintiff Tawwaab is entitled to any of the relief requested.

123.    Defendants deny that Plaintiff Carter is entitled to any of the relief requested.

In further answer, Defendants deny each and every allegation in the Complaint except such allegations that are expressly admitted herein.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim against Defendants upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The Complaint is barred by waiver, estoppel, and unclean hands.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are untimely.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff Tawwaab's claims for relief are barred by after acquired evidence as he lied on his employment application about being convicted of a crime.  Upon information and belief, Plaintiff has a serious and extensive background of felony criminal convictions which, if disclosed as required, would have prevented him from being eligible for employment with VLS.

### SIXTH AFFIRMATIVE DEFENSE

The Complaint is improper and untimely.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs did not mitigate their alleged damages.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs each voluntarily resigned their employment.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff Tawwaab did not allege retaliation in his Charge.

Defendants reserve the right to raise and assert additional affirmative defenses as they become known to Defendants.

WHEREFORE, Defendants respectfully requests that the Complaint be dismissed with prejudice, and that Defendants be granted judgment for costs and attorneys' fees, and any other relief this Court deems appropriate.

DATED this 20th day of July, 2009.

Respectfully submitted,

_____"s/ Scott Kamins"_____
Scott V. Kamins, Fed Bar No. 22591
Offit Kurman
8171 Maple Lawn Blvd., Suite 200
Maple Lawn, MD  20759
(301) 575-0347 (phone)
(301) 575-0335 (facsimile)
skamins@offitkurman.com

- 13 -

## CERTIFICATE OF SERVICE

This is to certify that on this 20th day of July, 2009, a copy of the foregoing Answer was filed electronically and is available for viewing on the Court's ECF System, and a true and correct copy has also been served upon Plaintiff's counsel via first class mail, postage pre-paid, as follows:

Anthony Herman, Esq.
Covington & Burling LLP
1201 Pennsylvania, Ave., NW
Washington, DC 20004-2401

"/s/ Scott Kamins"